UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GRADY MCBROOM and ZETA MCBROOM | § § § | PLAINTIFFS |
| V. | § § | CAUSE NO. 1:06cv1222-LG-JMR |
| SHERIFF GEORGE PAYNE, JR., OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; et al. | § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING PAYNE'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is Defendant George Payne, Jr.'s Motion for Immunity and for Summary Judgment [175]. Plaintiffs Grady and Zeta McBroom brought this action under federal and state law when Defendant John Massengill shot her during a police chase. Payne argues (1) there was no excessive force, (2) nor a moving force policy or custom of excessive force, (3) Massengill was properly trained and supervised, (4) the Amended Complaint fails to state claims under Sections 1985 and 1986, (5) Harrison County is not a party, (6) Payne is immune under the Mississippi Tort Claims Act, and (6) he was not personally involved. The Court has considered the parties' submissions[1] and the relevant legal authority. Payne is granted summary judgment on the Section 1983 claims for excessive force and failure to train and supervise and on the individual capacity state law claims. The Sections 1985 and 1986 claims

---

[1] Payne also argues he is not individually liable for a Section 1983 conspiracy because he did not personally participate in any. Since Plaintiffs voluntarily dismissed all individual capacity 1983 claims against him, this issue is moot.

against him are dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs are husband and wife who reside in Harrison County, Mississippi. Payne is the former Sheriff of Harrison County. Massengill is a Sergeant with the Harrison County Sheriff's Department.

On the evening of January 2, 2006, after 9:00 p.m., Mrs. McBroom was traveling north on County Farm Road in Harrison County. Massengill was traveling behind her. He was on duty as a patrol officer for the Sheriff's Department. He tried to pull her over on suspicion of drunk driving, but she would not stop. Instead, a pursuit ensued.

The pursuit ended up on Saucier Lane in Gulfport. Because it was a dead end road, Mrs. McBroom brought her vehicle to a stop. Massengill stopped his patrol car behind her. By this time Sheriff's Deputy Justin Branning had joined the pursuit and he was parked behind Massengill. Before either officer could get out of their cars, she began to back up toward Massengill and pushed his patrol car with her Bronco. The vehicles separated when hers proceeded forward and then veered off to the right, running off the road into a ditch. At some point, Massengill had shot approximately eleven bullets at her. One struck her in the back of the neck, paralyzing her instantly. For the purpose of this summary judgment motion, Payne concedes that she was shot after she had moved thirty-five feet away from Massengill's car.

Mrs. McBroom brings claims against Payne, in his official capacity, under Section 1983 for excessive force, conspiracy to use excessive force, and to cover it up. She also asserts claims under Sections 1985 and 1986 and state law against him, both

officially and individually. Mr. McBroom brings a loss of consortium claim against Payne, officially and individually.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon .

3

. . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

SECTION 1983

Mrs. McBroom asserts Section 1983 excessive force and conspiracy claims against former Sheriff Payne in his official capacity only. A claim against the Sheriff in his official capacity is treated as a claim against the county, and sheriffs in Mississippi are the final policymakers with respect to all law enforcement decisions made within their counties. *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). A municipality may be held liable under 42 U.S.C. 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to prove Payne is liable, in his official capacity, under Section 1983, Mrs. McBroom must prove (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Payne challenges whether there was excessive force and, if there was, whether it was caused by an official policy or custom or by a failure to train or supervise. Mrs. McBroom responds that the shooting was excessive force. She additionally argues there was a widespread custom of excessive force at the Harrison County jail, and this caused Massengill to shoot her. Finally, she argues there was a failure to train or

supervise and Payne was deliberately indifferent to the obvious consequence of excessive force that would follow.

### I. MOVING FORCE CUSTOM

The Court will assume that the shooting was excessive and that there was a widespread custom of excessive force as alleged by Mrs. McBroom. The Court will examine whether this official custom caused the instant shooting. As stated previously, Mrs. McBroom argues that there was a widespread custom of abusing pre-trial detainees and inmates in the Harrison County Adult Detention Center. She makes no attempt to demonstrate nor offers any evidence that this custom of jail abuse caused this patrol officer to shoot her while out on patrol. While it is possible that the alleged widespread abuse leaked over into other areas of the Harrison County Sheriff's Department, there is no evidence that it did. By way of example, there is no evidence of other deadly force, of other patrol officers engaged in excessive force, of Massengill being involved in other excessive force, or of him or other officers believing that they could get away with shooting citizens because of the alleged excessive force being allowed at the jail. She argues only that the custom of abuse at the jail existed prior to, during, and after Massengill shot her, and nothing more. Without more, this is not sufficient to demonstrate causation. Payne is entitled to judgment as a matter of law on the official custom claim.

### II. FAILURE TO TRAIN OR SUPERVISE

Supervisors may also face liability where their inaction, including failing to train or supervise their subordinates, amounts to gross negligence or deliberate

indifference which is the proximate cause of a constitutional violation. *Cantu v. Rocha*, 77 F.3d 795, 807 (5th Cir. 1996). Although Mrs. McBroom alleged a failure to train and supervise, she points to no evidence of such a failure. Instead, she argues that "Payne cannot escape liability based upon any training or certifications of Defendant Massengill." (Pls.' Resp. Mem. at 8). She apparently concedes that there was no failure to train or supervise and instead argues that Payne cannot use training as an affirmative defense to liability. Further, there is no evidence of such a failure. He is granted summary judgment on this claim as well.

SECTION 1985

Mrs. McBroom brings a Section 1985 claim against Payne in both his official and individual capacities. He argues that the Amended Complaint fails to state a claim under Section 1985 because the Amended Complaint does not describe any conspiracy proscribed by that statute. She responds there is evidence that Payne condoned a conspiracy to abuse her.

To survive a Rule 12(b)(6) motion to dismiss, Mrs. McBroom must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim

6

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. Mrs. McBroom does not expressly cite to the portion or portions of Section 1985 on which she relies. Payne first argues that the First Amended Complaint fails to state a Section 1985(1) claim, because it does not allege he conspired to interfere with a federal official's performance of his duties. Subsection one provides:

> If two or more persons in any State . . . conspire to prevent, *by force, intimidation, or threat*, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; *or to induce by like means* any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, *or to injure him in his person or property* on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
> . . .
> the party so injured . . . may have an action for the recovery of damages, occasioned by such injury . . . against any one or more of the conspirators.

42 U.S.C. § 1985(1), (3) (emphasis added).

The Amended Complaint alleges that Payne conspired to use excessive force and to conceal the abuse of Mrs. McBroom. Specifically, it is alleged that "Defendants engaged in a practice to fra[u]dulently cover up the truth of the facts regarding the

7

repeated actions/inactions of Officer Massengill during the course of the shooting." (Am. Compl. at 13 (¶32)). There is no allegation, however, that this included a conspiracy to use force, intimidation, or threat of a federal official, or to injure a federal officer's person or property. Therefore, the Amended Complaint does not state a claim under subsection one.

Subsection two prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). It specifically prohibits conspiracies between:

> two or more persons in any State . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). The Amended Complaint does not allege that Mrs. McBroom was a party or witness in a federal court proceeding. There is no allegation that she was injured for having testified or attended a federal court proceeding. As for the state court proceeding portion of this statute, it requires a showing of racial or other class-based animus. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986). For the reasons discussed below, she does not allege any racial or class-based animus behind the conspiracy. Further, she does not allege that she was injured while trying to protect the equal rights of others. Therefore the Amended Complaint does not state a claim under subsection two.

Finally, subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3).  Again, a conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993).  Some Fifth Circuit cases only accept racial claims under this provision. *Horaist*, 255 F.3d at 271 n.12; *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998); *Deubert v. Gulf Fed. Savs. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). *Deubert* held, "*it is well-established* in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). However, *Deubert* did not address its contemporary cases which held otherwise. For example, one such case held, "*It is well-settled* law that discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987) (emphasis added). These other Fifth Circuit cases require a class that is based on an "inherited or immutable characteristic," political belief, or association. *Sullivan v. County of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004);

9

*Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Internat'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987) (scapegoat employees not protected class, because it "does not possess discrete, insular and immutable characteristics similar to race, national origin or sex"); *Galloway*, 817 F.2d at 1159; *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1066 (5th Cir. 1980). Of course, none of these cases found the allegations of non-racial animus at issue to be sufficient.

Under either view, the Amended Complaint here misses the mark. The only characteristic Mrs. McBroom alleges she and the other alleged victims share is that they are "citizens of Harrison [C]ounty," "arrestees," and "persons" (Am. Compl. at 2, 3, 15 (¶¶4, 8, 36)). Further, she alleges, "Such actions took place against all races and both genders." *Id.* at 3 (¶9). Her allegations, taken as true, do not state a conspiracy motivated by race, another inherited or immutable characteristic, political belief, or association. *Accord*, *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 822 (W.D. Tex. 2007) ("those arrested by the El Paso Police Department" not sufficient to allege racial or class-based animus under Section 1985(2)).

Further there is no allegation that the conspiracy was to prevent another from voting or advocating in a federal election. Therefore the Amended Complaint fails to state a claim under Section 1985(3). The Section 1985 claim against Payne is dismissed without prejudice.

SECTION 1986

Payne asks for dismissal of the Section 1986 claim. This statute provides:

10

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. In other words, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. Because Mrs. McBroom failed to plead this element, she has not stated a Section 1986 claim.

STATE LAW CLAIMS

Finally, Mrs. McBroom asserts claims for infliction of emotional distress and civil conspiracy to use excessive force and to cover up excessive force, and Mr. McBroom brings a loss of consortium claim against Payne, both officially and individually. He argues that he cannot be held personally liable because (1) Harrison County is not joined as a party, (2) he is immune under the Mississippi Tort Claims Act and (3), in the alternative, he did not commit the state law torts.

I.  HARRISON COUNTY

Payne first argues that the state law claims should be dismissed against him because Harrison County is not a party.

Harrison County was voluntarily dismissed without prejudice from this action. Plaintiffs and the County agreed:

> that the dismissal of said Defendants shall have no effect on any claims against any remaining Defendants nor shall the dismissal effect the Plaintiffs['] ability to collect a judgment, if any, against the County as allowed by law, if any, for any other Defendants acting in their official capacities, if any.

(Stipulation of Dismissal Without Prejudice as to Harrison County, Bd. of Supervisors,

11

& Branning at 1). Sheriff Payne and Massengill remain, sued in their official and individual capacities under state law.

Under Mississippi law, "a suit against one in a representative capacity is not a suit against that person at all but in reality a suit against the entity represented." *Lawrence County Sch. Dist. v. Brister*, 823 So. 2d 459, 461 (¶7) (Miss. 2001). Therefore, when a government employee is sued under state law, in his official capacity, that government is the actual defendant. *Id.*; *Mosby v. Moore*, 716 So. 2d 551, 557 (¶30) (Miss. 1998). For example, the Mississippi Supreme Court held that official capacity claims against two Oxford police officers were actually claims against the City of Oxford. *Id.* To the extent Payne and Massengill are sued in their official capacities as Sheriff and Sergeant with the Harrison County Sheriff's Department, those claims are actually against Harrison County. It, Payne in his official capacity, and Massengill in his official capacity are merely redundant.

Payne does not seek dismissal in his official capacity.

II.     PERSONAL INVOLVEMENT

Payne argues he did not personally commit the state law torts. Plaintiffs concede that he did not commit the state law torts but argue that Payne may be held liable for his deliberate indifference to the widespread practice of excessive force at the jail.

First, Plaintiffs cite only federal law interpreting Section 1983 and no state law on the matter. In any event, as this Court stated previously, even assuming that Payne was deliberately indifferent to the widespread jail abuse, there is no evidence

that this caused Mrs. McBroom's shooting injury during a police chase.

Additionally, the Court has reviewed the record in this case and finds no evidence that Payne personally engaged in a conspiracy to engage in abuse nor to cover up abuse. Therefore, he cannot be held personally liable for the civil conspiracies, nor the infliction of emotional distress or loss of consortium that is alleged to have flowed from the conspiracies. The Court need not examine whether Payne is individually immune, because the claim would fail against him, individually, on the merits.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant George Payne, Jr.'s Motion for Immunity and for Summary Judgment [175] should be and is hereby **GRANTED.** The Section 1983 claims for excessive force and failure to train or supervise and the individual capacity state law claims against him are dismissed with prejudice. The Sections 1985 and 1986 claims against him are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 6th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE