IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZETA MCBROOM | § | PLAINTIFF |
| | § | |
| VERSUS | § | CAUSE NO. 1:06cv1222-LG-JMR |
| | § | |
| SHERIFF GEORGE PAYNE, JR., | § | |
| OFFICIALLY, et al. | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER DENYING A NEW TRIAL AND JUDGMENT AS A MATTER OF LAW

BEFORE THE COURT is Plaintiff Zeta McBroom's [259] Motion for New Trial, or in the Alternative, for Judgment Notwithstanding the Verdict.  After a jury trial on the Section 1983 excessive force claim, the jury found no excessive force.  The Court rendered a judgment on the state law claims finding no assault or battery.  She argues she was entitled to (1) discovery about other instances of force at the County jail, (2) submit evidence that she was a prior victim of excessive force at the jail, (3) have her expert testify the shooting was excessive, (4) offer certain statements from a learned treatise, and (5) cross examine with the learned treatise, and (6) the verdict was against the weight of the evidence.  The Court has considered the parties' submissions, the record, and the relevant legal authority.  The motion is denied.

### FACTS AND PROCEDURAL HISTORY

This case involved the January 2, 2006, shooting of McBroom by Harrison County Sergeant Massengill, during a police chase.  The chase began in the county, when she would not pull over for him, but ended in Gulfport, Mississippi.  She stopped her 1987 Ford Bronco on Saucier Lane, a dead end road.  He likewise stopped behind her.  She reversed into his patrol car.  The circumstances of the shooting were disputed,

but essentially, at some point, he shot her from behind, and, as a result, she was paralyzed.

McBroom brought Section 1983 and state law claims against him and Harrison County Sheriff George Payne, Jr., in his official capacity, among others. On summary judgment, the Court dismissed the Section 1983 claim against Payne, because of a lack of causation. Specifically, there was no evidence that an official custom of excessive force caused the shooting. The claims against Massengill and the state law claims against Payne proceeded to trial. At the close of her case, the Court dismissed Payne on the basis of immunity. At the close of all the evidence, the jury found no excessive force. The Court found Massengill did not commit assault, battery, or intentional infliction of emotional distress.

## DISCUSSION

JUDGMENT AS A MATTER OF LAW

McBroom argues she is entitled to judgment as a matter of law because the verdict was against the overwhelming weight of the evidence. Massengill responds that she failed to brief the issue, did not make a pre-verdict motion, and there is sufficient evidence to support the verdict.

If a party fails to move for judgment as a matter of law under Rule 50(a) on an issue at the conclusion of all of the evidence, she waives her right to file a renewed post-verdict Rule 50(b) motion. *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001). The technical failure to file a pre-verdict motion will be excused so long as, before the verdict is returned, the court had an opportunity to address, and the

opposing party was alerted to, the sufficiency issue. *Serna v. City of Antonio*, 244 F.3d 479, 482 (5th Cir. 2001).

McBroom did not present any pre-verdict motion for judgment as a matter of law under Rule 50(a). Further, the Court was not presented with an opportunity before the jury returned its verdict to address the sufficiency of the evidence of Massengill's case. Rather, the sufficiency of his evidence was raised for the first time twenty-eight days after the verdict was returned. Therefore the issue is waived.

NEW TRIAL

McBroom argues there were evidentiary and discovery errors, each of which independently entitle her to a new trial.

I.     PRIOR EXCESSIVE FORCE OF MCBROOM AT THE COUNTY JAIL

McBroom argues it was error for the Court to exclude evidence of her being abused at the Harrison County Adult Detention Center about three months prior to the instant shooting, by four former deputies who have since been convicted and imprisoned for using excessive force on detainees. She argues the jury was entitled to hear why she would not stop when Massengill tried to pull her over. He responds that she waived the issue by failing to make a proffer. Alternatively, he argues it is irrelevant, unduly prejudicial, and she was allowed to testify she was scared of the police and jail.

"The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). Likewise, a trial court's evidentiary rulings are reviewed for abuse of

discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . (2) . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Fed. R. Evid. 103(a). "Once the court makes a definitive ruling on the record . . . excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." *Id.*

Before trial, Massengill filed a [208] motion *in limine* to exclude evidence that in October 2005, while a pre-trial detainee, McBroom was abused by four former jailers at the Harrison County Adult Detention Center. They were ultimately indicted following the jail beating death of another detainee, which occurred on February 4, 2006. They were convicted of excessive force incidents in the Booking Room at the jail during the time period of McBroom's previous arrest and instant shooting. The Court presided over the criminal cases and viewed a video of her October 2005 incident during the summary judgment phase of the instant case. Massengill however, was a patrol officer, and was not involved in the October 2005 incident. The Court therefore excluded the evidence under Rule 403 as the danger of unfair prejudice and confusion of the issues would substantially outweigh any probative value that her reason for not stopping could have. To the extent Massengill presented evidence that she did not stop because she was driving intoxicated, with a suspended license, she was allowed to testify that she did not stop because she was afraid of police and jail.

McBroom did not waive this issue by failing to offer this evidence or make a

proffer at trial. This is because the Court had already ruled, before trial began that the evidence was excluded. The evidence was already in the record at both the summary judgment and motion *in limine* stage of the proceedings.

However, McBroom provides no authority that the Court's decision was in error. She complains only that she should have been allowed to answer Defendant's evidence of the reason why she would not stop. She was allowed.

II.     EXPERT TESTIMONY THAT THE FORCE WAS EXCESSIVE

McBroom next argues the Court erred in prohibiting her police procedures expert Dennis Waller from testifying that the force was excessive. She argues this was (1) admissible under Rule 704(a), and (2) it was not within the common knowledge of lay people. Massengill responds it was an inadmissible legal conclusion.

At trial, the Court permitted both sides' police procedures experts to testify as to the standards of the use of deadly force in the police field. The Court prohibited both from testifying that the shooting was or was not excessive force. Whether or not force is excessive or reasonable is a legal conclusion, and therefore constitutes inadmissible opinion. *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003). Such an opinion would not have been helpful to the jury.

III.    LEARNED TREATISE

McBroom next argues that the Court erred in excluding passages from a learned treatise, *Total Survival*, "that [a] law officer's judgment is often clouded during pursuits and that law enforcement officers face a high temptation to lie." (Pl.'s Mot. New Trial at 7). She argues (1) the passage was admissible under Rule 803(18) and

5

(2) she should have been allowed to cross-examine Massengill's police procedures expert Mark Dunston with this passage because cross-examination is broad. Massengill responds that Dunston did not write the passage, it was irrelevant, unduly prejudicial, and invaded the jury's province to determine credibility.

During cross-examination Dunston admitted *Total Survival* was authoritative in the field of police procedures. McBroom then moved, under Rule 803(18), to read a passage into evidence, and Massengill objected. The passage read, among other things, "Few endeavors offer more temptations to be dishonest than law enforcement." (P-74 at 397). The Court held the document was an impermissible opinion on witnesses' credibility.

The passage was offered as expert opinion on whether or not police witnesses, and Massengill and Branning in particular, were credible. While the text may have been authoritative on the issue of police procedures, it is not authoritative on a person's state of mind or tendency to tell the truth. An expert is in no better position than the jury to evaluate credibility and states of mind. *Marlin v. Moody Nat'l Bank, N.A.*, 248 Fed. Appx. 534, 541 (5th Cir. Sept. 19, 2007); *United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996); *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995); *United States v. Wertis*, 505 F.2d 683, 685 (5th Cir. 1974). Whether a witness is to be believed by the jury or not "is beyond the competenc[y] of any witness." *Id.* It does not take an expert to determine motivations in telling or not telling the truth, or, that in an intense, traumatic situation, one's perceptions may be less than trustworthy.

McBroom points to no authority to the contrary.

In any event, there is no prejudice from this ruling, because Massengill testified:

> Q. One thing you did know, however, is that pursuits can cloud officers' judgments isn't that right?
>
> A. Yes, sir, it can.
>
> Q. In fact, that is a written policy in your department, isn't it?
>
> A. Yes, sir, it is.
> . . .
>
> Q. And it goes all the way over to page 16, and this is where it says, officers should not assume that all persons who flee from the department and refuse to yield are felons.  Experience has shown that most pursuits involve misdemeanor violations only.  Officers should also be aware that in the heat of the chase, the frequently [sic] refuses to give up and the officer likewise feels an obligation to succeed in the pursuit.  This psychological phenomenon can cloud an officer's judgment and may cause him to continue a chase beyond the point where good common sense and good judgment would require the pursuit to be ended.  Did I read that correctly?
>
> A. Yes, sir, you read it correctly.

(Trial Tr., Dec. 16, at 45, 47).  This policy was put into evidence as Exhibits P-2 and D-8.  This issue has no merit.

IV.   ALCOHOL AND MARIJUANA

McBroom argues that the Court should have excluded evidence that she had been drinking or that she had marijuana in her system.  This argument was brought for the first time on rebuttal, so, it will not be considered.

V.   DISCOVERY ON OTHER PRIOR INSTANCES OF EXCESSIVE FORCE AT THE JAIL

Finally, McBroom argues that Magistrate Judge Roper erred when he denied her

discovery on instances of excessive force at the jail. Without this evidence, she maintains she was precluded from supporting her *Monell* liability claim on summary judgment. Massengill argues this claim is waived for failure to timely object to Magistrate Judge Roper's ruling, he did not clearly err, and there is no prejudice.

The Court will assume, without deciding, that the issue is not waived, the Magistrate Judge's ruling was in error, and this discovery would have prevented summary judgment. There is, however, no prejudice from the ruling. Even if the *Monell* claim proceeded to trial, the claim would have still been dismissed on the merits, because the jury found the shooting was not excessive force. Without a constitutional violation, there can be no *Monell* liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff Zeta McBroom's [259] Motion for New Trial, or in the Alternative, for Judgment Notwithstanding the Verdict should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE