**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ZETA MCBROOM** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:06cv1222-LG-JMR** |
| | § | |
| **SHERIFF GEORGE PAYNE, JR.,** | § | |
| **OFFICIALLY, et al.** | § | **DEFENDANTS** |

**ORDER GRANTING
RECONSIDERATION AND DENYING MOTION TO STRIKE**

BEFORE THE COURT are Plaintiff Zeta McBroom's [257] Motion to Reconsider

Judgments Assessing Costs to Plaintiff and Defendant John Massengill's [265] Motion

to Strike Plaintiff's Motion to Reconsider Judgments Assessing Costs.  The Court has

considered the parties' submissions and the relevant legal authority.  The motion to

reconsider is granted, and the motion to strike is denied.

**FACTS AND PROCEDURAL HISTORY**

The issues at the trial of this matter were whether Massengill used excessive

force, assaulted, battered, or intentionally inflicted emotional distress upon McBroom.

The jury found there was no excessive force, and the Court found for Massengill on the

state law claims.  Final judgment was entered on December 20, 2010, and the Court

awarded him costs.  Two days later, McBroom moved the Court to reconsider the

award.  On January 14, 2011, Massengill filed his Bill of Costs, and the Clerk taxed

$11,470.90 against McBroom on January 31.  It was not until February 10, that

Massengill moved to strike her motion to reconsider costs.

## DISCUSSION

<u>MOTION TO STRIKE</u>

Massengill argues that the motion to reconsider should be denied as premature, because it was filed before the Bill of Costs.  McBroom's motion was filed after the Court's award of costs, and Massengill's Bill of Costs have long since been filed.  The issue is ripe for decision and will be considered.  The motion to strike is denied.

<u>COSTS</u>

McBroom argues the Court should exercise its discretion under Rule 54(d) and should not assess costs against her because she is paralyzed, unable to work and indigent.  Massengill responds only that she has not filed a Motion for Review or objected to the costs in a timely manner.

McBroom filed her motion for reconsideration two days after the Court awarded costs.  It is therefore timely.

The Court is granted discretion under Federal Rule of Civil Procedure 54(d) to decide whether costs should be awarded to a prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).  Rule 54 points out the prevailing party "should" be awarded costs, "other than attorney's fees." Fed. R. Civ. P. 54(d). The prevailing party is "prima facie entitled to costs." *Pacheco*, 448 F.3d at 793-94.  "[I]t is incumbent on the losing party to overcome that presumption." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).  Reasons that the Court may deny costs include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5)

the prevailing party's enormous financial resources;" and (6) the losing party's good faith. *Pacheco*, 448 F.3d at 794.  Good faith alone is not sufficient, however.  *Id.* at 795.

Both at trial and through a subsequent affidavit, McBroom has demonstrated indigency.  She is paralyzed, unemployed, has great continuing medical and living assistance needs, is on governmental assistance, and is the sole provider for her three children.  She receives $674 a month in disability and $350 a month in food stamps. Her utilities are about $250 a month, and she has current credit card debt totaling $1,450.  She has demonstrated that she is unable to pay the $11,470.90 in costs of this litigation.

As for the second factor, McBroom disavows any misconduct on Massengill's part in the litigation of this matter.

As for the third factor, the Court notes that the case was one of close factual questions.  While McBroom had a limited memory of the events in question, there were several witnesses and evidence supporting her claims.  Even under Massengill's version there were still close legal questions as to whether excessive force was used. Further, the Court finds the case was pursued in good faith.  The Court is of the opinion that there is a substantial benefit to the public in having such a close deadly force case litigated.

The Court has no evidence before it to suggest Massengill's financial resources. State law, however, requires that the County or its insurer provide him a defense to the state law claims.  Miss. Code Ann. § 11-46-7(3).  This proof overlapped the excessive force claim.  He was represented by the County's regular attorneys, and they

were the ones to whom the expenses were billed.  There is evidence that expenses were paid by the County.

After consideration of the above factors, the Court is of the opinion that McBroom has overcome Rule 54's presumption that the prevailing party should be awarded costs.  Under the circumstances of this case, it would be inequitable to tax costs against her.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff Zeta McBroom's [257] Motion to Reconsider Judgments Assessing Costs to Plaintiff should be and is hereby **GRANTED.**  Each party shall bear their own costs.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant John Massengill's [265] Motion to Strike Plaintiff's Motion to Reconsider Judgment Assessing Costs to Plaintiff should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE